**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

MARIE MCCABE,

       Plaintiff,

     vs.                                     Civil No.11-652 WJ/KBM.

UNITED STATES OF AMERICA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

     THIS MATTER comes before the Court upon a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) or in the Alternative for Summary Judgment Pursuant to Fed.R.Civ. P. 56, filed by the United States of America on January 26, 2012 (**Doc. 16**).   Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and therefore, is granted for lack of subject matter jurisdiction under Fed.R.Civ.12(b)(1).

**Background**

     Plaintiff filed this personal injury case pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.§§1346(b) and 2671, *et. seq*., seeking damages for injuries she allegedly sustained when she was interacting with a police officer from the Navajo Nation Department of Public Safety.  The complaint alleges that on June 22, 2010, Plaintiff was visiting a friend in Fort Defiance, Arizona.   Upon arriving at her friend's residence, Plaintiff noticed that other persons were there and some were drinking alcoholic beverages.  Plaintiff did not consume any alcohol, felt uncomfortable with the drinking of alcoholic beverages at the friend's house, and left the

property on foot.

One or more police officers employed by Navajo Nation Division of Public Safety arrived at the home of Ms. McCabe's friend.  At the time the officers arrived, Plaintiff was located off her friend's property.   An unknown officer approached Plaintiff where she was seated outside of her friend's residence and property, took her by the arm and negligently pulled on it in an effort to ger her to stand up.   Plaintiff claims that she suffered multiple injuries to her shoulder and arm, and seeks present and future damages.

Defendant contends that Officer Philbert James Toddy, a Navajo Nation Police Officer, used an appropriate level of force to control Plaintiff, who was intoxicated and continued to resist Officer Toddy, during her arrest.

## Discussion

Defendant seeks an Order dismissing this action, or in the alternative, for summary judgment for lack of subject matter jurisdiction because all of Plaintiff's claims are barred by the Federal Tort Claims Act's intentional tort exception, 28 U.S.C. § 2680(h).

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). When making a Rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends by relying on affidavits or other evidence properly before the court.  *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir.1995); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995). A court has broad discretion to consider affidavits or other documents to resolve disputed jurisdictional facts under rule 12(b)(1).  *Holt*, 46 F.3d at 1003.  In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a Rule 56 motion.  *Id.* (citation omitted).

2

Where, however, the court determines that jurisdictional issues raised in rule 12(b)(1) motion are intertwined with the case's merits, the court should resolve the motion under either rule 12(b)(6) or Rule 56.  *See Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir.1999), *cert. denied*, 528 U.S. 964 (1999); *Tippet v. United States*, 108 F.3d 1194, 1196 (10th Cir.1997).  As with any jurisdictional issue, the party bringing the suit against the United States bears the burden of proving that sovereign immunity has been waived. *See James v. United States*, 970 F.2d 750, 753 (10th Cir.1992).

Plaintiff does not dispute any of the facts presented by Defendant, which depict quite a different factual scenario from that alleged by Plaintiff.[1]  Officer Toddy had been dispatched to assist in a disturbance at a trailer park located near Fort Defiance.  On arriving there, he found Plaintiff under a bush with her feet protruding. She was displaying signs of intoxication and her jeans were soaked in urine.  Officer Toddy announced his presence and informed her that he wanted to assist her in standing up. She initially agreed but at one point began resisting Officer Toddy's attempt to assist her, grasping Officer Toddy's hand in an attempt to pry her other hand loose from his grasp. The officer used a "take down" maneuver to gain control of her and handcuff her, and he advised Plaintiff that further resistance could lead to injuring herself. Plaintiff was then escorted to the patrol car and taken to the detention center.  Upon arrival at the detention center Officer Toddy noted the deformity of the right elbow and Ms. McCabe was

---

[1]   Defendant's description of the situation is contained in Exhibit A in the form of an Incident Report Form.   Plaintiff's failure to present opposing material facts allows the Court to deem Defendant's facts as undisputed.  However, the Court mentions these facts here only to describe Defendant's perspective in this case, and has not needed to consider these facts to decide the threshold jurisdictional issues.  The only evidence outside the pleadings which were considered by the Court was evidence relating to Officer Toddy's status as a federal law enforcement officer, and Plaintiff's own allegations in the complaint.

transported to the Indian Health Service facility for care.

In this case, while I find it necessary to refer to evidence outside the pleadings, the motion does not need to be converted to a summary judgment motion because the jurisdictional issues raised in the Rule 12(b)(1) issues are not intertwined with the case's merits.

## I.      Exception to Waivers of Sovereign Immunity Under the FTCA

In 1946, Congress enacted the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). However, the FTCA did not waive the sovereign immunity of the United States in all respects. Congress has excepted several classes of tort claims from the Act's broad waiver of immunity. *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). One of these exceptions, 28 U.S.C. § 2680(h), retains the sovereign immunity of the United States with respect to intentional tort claims, or claims arising out of intentional torts, committed by governmental employees who are not federal law enforcement officers

Defendant acknowledges that Officer Toddy was a federal employee for purposes of the FTCA, and that his actions may subject the United States to liability under certain circumstances. The Indian Self-Determination Education Assistance Act ("Self-Determination Act"), enacted in 1975, strives to increase tribal participation in the management of federal Indian programs and activities. *See* 25 U.S.C. §§ 450, 450a. Pursuant to a 1990 amendment to the Self-Determination Act, Congress extended FTCA coverage to tribal employees acting in the scope of their employment in carrying out a self-determination contract, and thus tribal officers are deemed "employees" of the BIA for the limited purpose of FTCA coverage. *See* 25 U.S.C. § 450f. However, Defendant maintains that Officer Toddy was not a federal law enforcement officer as contemplated in § 2680(h) such that his commission of an intentional tort could subject

the United States to liability in this case.

The United States has not consented to be sued, and therefore cannot be sued, for the intentional torts of its employees. *Sheridan v. United States*, 487 U.S. 392, 395 (1988).  The FTCA contains a jurisdictional limitation that specifies that its "broad grant of jurisdiction 'shall not apply to . . . [a]ny claim arising out of assault, battery' or other specified intentional torts." *Id*. at 398.   Plaintiff concedes the two legal grounds raised by Defendant.  At the same time, she argues that the cases presented by Defendant are not on point and that acts may be both negligent and intentional at the same time.  Neither argument has merit.   The cases cited by Defendant are relevant and on point in that they make clear that artful pleading cannot circumvent the exception in §2680(h).  Section 2680(h) does not merely bar claims *for* assault or battery; it excludes any claim *arising out of* assault or battery.  *Shearer*, 473 us at 55.[2]

The complaint frames the wrongful conduct in terms of negligence, stating that the "unknown officer" (which turns out to be Officer Toddy) carelessly breached his duty of reasonable care by:

> a. failing to ascertain whether or not Ms. McCabe was awake or asleep when he approached;
>
> b. failing to speak with and stir Ms. McCabe prior to pulling on her arm;
>
> c. failing to give Ms. McCabe a reasonable opportunity to rise to her feet on her own;

---

[2] *See also Coffey v. United States*, 387 F.Supp. 539 (D.Conn. 1975) ("The test is not the theory upon which the Plaintiff elects to proceed or how artfully the pleadings may have been drawn. Rather, the decisive factor is whether, in substance and essence, the claim arises out of an assault and battery." Id. at 540; *United States v. Faneca*, 332 F.2d 872 (5th. Cir. 1964); *Klein v. United States*, 268 F.2d 63, (2d Cir.1959); *Smith v. United States*, 330 F. Supp. 867 (E.D. Mich.1971).

d. failing safely to bring Ms. McCabe to her feet;

e. negligently twisting Ms. McCabe's right arm and pulling it too strongly and too

abruptly;

f. failing to utilize safe and reasonable measures in dealing with Ms. McCabe

Doc. 1 at 6.

Plaintiff's argument that an act can be both intentional and negligent is simply not supported by any case law, nor does Plaintiff provide any. One is intentional and the other is not. *See Baska v. Scherzer*, 156 P.3d 617 (Kan. 2007) ("the fundamental distinction between assault and battery, on the one hand, and negligence, on the other, is that the former is *intentional* and the latter is unintentional . . . ." Thus, the conduct alleged in the complaint is either intentional or negligent.

A plaintiff cannot use creative pleading to avoid falling within § 2680(h)'s exception to the FTCA waiver of sovereign immunity. *See, e.g., Wine v. United States*, 705 F.2d 366, 367 (10th Cir.1983); *United States v. Shearer*, 473 U.S. 52, 55 (1985) (plaintiff cannot "avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery"). In this case, Officer Toddy's actions cannot be described as negligent. Notwithstanding the fact that Plaintiff couches the allegations as negligent conduct, she is actually asserting a wrongful or excessive use of force against the officer. Officer Toddy fully intended to use the level of force necessary to control Plaintiff. Because Plaintiff does not dispute Defendant's facts, which assert that Plaintiff was in fact intoxicated and had to be roused to alertness, the Court may accept Defendant's facts as true. However, for purposes of this motion, the Court may based its finding on Plaintiff's own allegations, which form the basis for an intentional tort.

6

Therefore, because § 2680(h) is an exception to the waiver of sovereign immunity, Plaintiff is barred from asserting intentional torts against Defendant.   However, § 2680 contains additional language which states that the exception does not apply to federal law enforcement officers who are "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."[3]   If Officer Toddy is determined to be a federal law enforcement officer under that provision, Plaintiff is not precluded from asserting intentional tort claims against Defendant.

## II.    Whether Officer Toddy Was A Federal Law Enforcement Officer

Here again, Plaintiff does not dispute either factually or legally, Defendant's contention that Officer Toddy was not a federal law enforcement officer for purposes of § 2680(h).   Tribal officers are deemed "employees" of the BIA for the limited purpose of FTCA coverage, but a self-determination contract between a tribe and the BIA for the provision of law enforcement services does not automatically confer federal law enforcement authority upon those officers. *See* Ex. B, Attachmt 1 (Policy directive).   Unless the BIA issues a special law enforcement commission ("SLEC") to a tribal officer, the officer is not authorized by law to enforce federal law, and thus is not a federal "investigative or law enforcement officer" within the meaning of §

---

[3]  Section 2680(h) states:
Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, **with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising. . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution**. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.   25 U.S.C. § 2680(h) (emphasis added).

7

2680(h).[4]  *See Dry v. United States*, 235 F.3d 1249, 1257 (10th Cir. 2000) (dismissing all of plaintiff's claims, including FTCA claims, which were premised on theory that tribal police officers are federal law enforcement officers).[5]

Plaintiff does not dispute that in order for the waiver of sovereign immunity to apply in § 2680(h), Officer Toddy must be found to be a federal law enforcement officer under that provision.  She does not rebut Defendant's evidence showing that Officer Toddy was not commissioned as an SLEC by the BIA and that he is therefore not a federal law enforcement officer for purposes of §2680(h).  Accordingly, Plaintiff is barred from pursuing her claims under the FTCA, and those claims shall be dismissed for lack of subject matter jurisdiction.

## Conclusion

In sum, I find and conclude that all of Plaintiff's claims against Defendant arise out of intentional torts, which come under the exception to the waiver of sovereign immunity in the FTCA in § 2680(h).  I also find and conclude that Officer Toddy is not a federal law

---

[4] An SELC is the federal law enforcement commission that the BIA is authorized to issue to non-BIA law enforcement officers.  *See* 25 C.F.R. §12.21(a).  *See* Ex. B (Decl. of Special Agent Honahni, Sr.).  As noted above, the Court is relying on Exhibit B and other evidence relating to the question of whether Officer Toddy was a federal law enforcement officer.  The nature of this evidence is not intertwined with the case's merits, and thus the Court's ruling is pursuant to Rule 12(b)(1).

[5] *See also Locke v. United States*, 215 F. Supp. 2d 1033 (D.S.D. 2002), *aff'd*. 63 F. App'x 971 (8th Cir. 2003) (dismissing plaintiff's assault claim where she failed to controvert government's showing that tribal police officer had not been commissioned as an SLEC by the BIA); *United States v. Rubin*, 573 F. Supp. 1123, 1124 -1125 (D. Colo. 1983), the court listed cases addressing the issue of who is or is not a law enforcement officer for purposes of § 2680(h), and concluded that only those who are authorized to execute search warrants, seize evidence or make arrests for violations of federal law fall under the definition. *Accord, Wilson v. United States*, 959 F.2d 12, 15 (2d Cir. 1992) (parole officers are not investigative or law enforcement officers under § 2680(h) because federal law and regulations do not vest them with the power to make arrests, execute searches or seize  evidence).

enforcement officer, and thus, the exception in § 2680(h) applies in this case.

   **THEREFORE,**

   **IT IS ORDERED** that United States' Motion to Dismiss Pursuant to Fed.R.Civ.P.

12(b)(1) and 12(b)(6) or in the Alternative for Summary Judgment Pursuant to Fed.R.Civ. P. 56

**(Doc. 16)** is hereby GRANTED for the above-described reasons, for lack of subject matter

jurisdiction under Fed.R.Civ.12(b)(1).


_____
UNITED STATES DISTRICT JUDGE